## CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND JAMES CITY COUNTY

William A. Brown and
Karen H. Brown

v.

State Board for Contractors

October 31, 1989

BY JUDGE WILLIAM L. PERSON, JR.

This is an administrative appeal of a decision of the Virginia Board for Contractors, denying the claim of William A. Brown and Karen H. Brown, Plaintiffs, for payment from the Contractors Transaction Recovery Fund ("Contractors Fund").

The facts are not in dispute. On April 23, 1986, the Browns entered into a contract with James A. Wolford, t/a Yopamat Craft Builders, for the construction of a house for $72,670.00. Wolford was a Class B Contractor, which was defined in 1987 as "those performing construction . . . when (1) the total value referred to in a single contract or project is less than $40,000 . . . ." *See* § 54–113 of the Code, 1987 Supp. In December, 1986, Wolford abandoned the work, and on May 20, 1987, suit was filed by the Browns against Wolford. On May 2, 1988, the Browns obtained judgment against Wolford for $27,469.00 for improper or dishonest conduct. On August 10, 1988, the Browns filed a claim to obtain payment from the Contractors Fund pursuant to § 54–145.3:3 of the Code (now § 54–1120). On April 13, 1989, the Board denied the Browns' claim saying that the Board may not consider the claim since the conduct of Wolford occurred during a period when Wolford was a regulant who was not contracting within its licensing category.

The Contractors Transaction Recovery Fund prior to and subsequent to July 1, 1987, was a fund governed by statute which allowed persons under certain conditions to make claim for and collect up to $10,000.00 for unsatisfied judgments obtained against contractors for improper or dishonest conduct.

Prior to July 1, 1987, the §§ 54–145.3:3 and 54–145.3:5 of the Contractors Fund read as follows:

Section 54–145.3:3, *Recovery from Fund generally. — Whenever any person is awarded a final judgment* in a Court . . . . against any individual . . . *for improper or dishonest conduct and such conduct occurred during a period when such individual . . . . was a regulant* and occurred in connection with a transaction involving contracting. As defined in § 54–113, the judgment creditor may file a claim in the court awarding the judgment to obtain an Order directing payment from the fund of the amount unpaid upon the judgment subject to the following conditions . . . . [Emphasis added.]

Section 54–145.3:5. *Limitations upon recovery from fund.* — A. The Maximum claim of one judgment creditor against the fund based upon an unpaid final judgment arising out of the improper or dishonest conduct . . . shall be limited to $10,000.00 . . . .

Among other conditions required by that statute was the requirement that the judgment creditor has to conduct debtor interrogatories to determine whether the judgment debtor has any assets which may be sold or applied in satisfaction of the final judgment.

Effective July 1, 1987, the General Assembly amended § 54-145.3:3 (now § 54–1120). The amendment which we deal with in this case reads as follows:

Section 54–145.3:3. *Recovery from fund generally.* — Whenever any person is awarded a judgment in a Court against any individual . . . for improper or dishonest conduct and such conduct occurred (e) *during a period when such individual . . . was a regulant contracting within its license category (Class A or Class B)* . . . . [Emphasis added.]

Both parties agree that the question to be decided is controlled by § 1–16 of the Code which provides in pertinent part as follows:

no new law shall be construed to repeal a former law, as to . . . any right accrued, or claim arising under the former law, or any way whatsoever to affect . . . any right accrued, or claim arising before the new law takes effect . . . .

If the cause of action, right or claim of the Browns accrued or arose prior to July 1, 1987, they prevail because the statute did not

require the contract to be within its license category. If on the other hand, the cause of action, right or claim accrued or arose subsequent to July 1, 1987, then their claim has to be denied because the requirement that the contract be within its license category was not fulfilled.

The Board argues that the claim should be denied because the law to be applied was the law in effect on May 2, 1988, when the Browns obtained judgment. In support of its position, the Board contends that the Browns' claim against the Contractors Fund does not arise simultaneously with the claim that the Browns had against Wolford, that the Contractors Fund is a source of payment but not the surety or the guaranty of the contractor's performance, that a claim by the Browns against the Contractors Fund only arises when a person has obtained the status of a judgment creditor from "improper or dishonest conduct" pursuant to the statutes, and that therefore the Browns did not have an accrued right or claim until May 2, 1988, when the General Assembly had already restricted claims against the fund to those persons who had contracted with the contractor within the contractor's license or registration category, and since the contract between the Browns and Wolford was not within the $40,000.00 limit, the claim should be denied.

On brief and orally, the Browns contend that "The right or claim of Mr. and Mrs. Brown arose under the contract in April, 1986, and when Mr. Wolford in December, 1986, abandoned the job, their right or claim was vested at that time. The subsequent amendment to the aforementioned Code Section by the General Assembly did not take effect until July 1, 1987. As a general rule, statutes that are amended are given a prospective rather than a retrospective construction, and this is laid down in § 1-16 of the Code."

Counsel for the Browns does not argue any reliance by the Browns on the statutes which govern the Contractors Fund, nor does either counsel argue the legislature's intent in regards to the changes in § 54–145.3:3.

Counsel, as well as the Court, agree that § 1–16 controls the decision of the Court. The issue being whether in the language of § 1–16 a right accrued or claim arose under § 54-145.3:3 in favor of the Browns prior to its amendment which became effective on July 1, 1987. For the Court to hold for the Browns, it must find that at the time the contractor abandoned the job, the Browns simultaneously either accrued a right or a claim arose under the former law (§ 54–

145.3:3), since at that time, there was no recovery requirement that the original contract price be within the contractor's registration category.

It is the opinion of this Court that the cause of action, right and/or claim of the Browns arose and/or accrued against the Contractors Fund no earlier than May 2, 1988, the date that they were awarded judgment against Wolford and, therefore, the Browns are not entitled to recover any monies from the Contractors Fund.